UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN TILLMAN, | 1:11-CV-00453 GSA HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO AMEND [Doc. #8] |
| v. | |
| H. A. RIOS, JR., | ORDER GRANTING PETITIONER'S MOTION FOR RECONSIDERATION IN PART |
| Respondent. | [Doc. #9] |
| | ORDER DIRECTING CLERK OF COURT TO REOPEN CASE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

On March 28, 2011, the undersigned issued an order dismissing the petition for failure to state a claim. Petitioner challenged two prison rules violations which occurred on January 6, 2010, (violation for being unsanitary and untidy), and January 7, 2010, (violation for threatening another with bodily harm); however, Petitioner did not claim the loss of any credits against his sentence. Since it appeared from the claims that any relief the Court could grant would not affect the length of the sentence, the Court dismissed the petition.

On March 30, 2011, Petitioner filed a motion for leave to amend the petition. On April 5, 2011, he filed a motion for reconsideration of the Court's order dismissing the petition.

## DISCUSSION

A.  Motion to Amend

Petitioner filed a motion to amend the petition on March 30, 2011. However, the petition was dismissed on March 28, 2011, and the case was closed. Therefore, Petitioner's motion to amend must be denied.

B.  Motion for Reconsideration

On April 5, 2011, Petitioner filed a motion for reconsideration of the order dismissing his petition. Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Petitioner contends his due process rights were violated with respect to the first incident for an unspecified reason. As previously stated, Petitioner suffered a loss of 90 days of commissary privileges and 90 days of telephone privileges; he did not suffer the loss of any time credits against his sentence. Therefore, his claims are not cognizable in federal habeas. His motion for reconsideration with respect to the January 6, 2010, incident is DENIED.

Petitioner contends his due process rights were violated with respect to the second incident because he was denied his right to call an eyewitness to the incident as well as present evidence in the form of surveillance camera footage. The Court had determined that Petitioner failed to present a cognizable claim because the only penalty appeared to be a disciplinary transfer. In his motion for reconsideration, Petitioner contends he also suffered a loss of 27 days of good conduct time credits. Further review of the documents submitted with the petition show that a disciplinary transfer was

1  recommended; however, Petitioner was also sanctioned with a loss of 27 days of good conduct time
2  credits. Since Petitioner suffered the loss of time credits, the alleged constitutional violation may be
3  remedied by way of a habeas petition. <u>Young v. Kenny</u>, 907 F.2d 874, 876-78 (9th Cir.1990).
4  Therefore, the motion for reconsideration will be GRANTED with respect to the January 7, 2010,
5  incident.

6      Petitioner also claims the Court ignored his claim concerning a "binding court order." He
7  states a judge had granted his request to modify his fine, but the Bureau of Prisons has failed to abide
8  by the order. This challenge is not cognizable on federal habeas since it does not affect the length of
9  the sentence; it concerns only a monetary fine. His motion for reconsideration with respect to this
10 claim is DENIED.

11     In summary, Petitioner's motion for reconsideration will be GRANTED IN PART and
12 DENIED IN PART. The motion is GRANTED as to his claims concerning the January 7, 2010,
13 rules violation. As to his other claims, the motion is DENIED.

14                              **ORDER**

15     Accordingly, IT IS HEREBY ORDERED:
16     1) Petitioner's motion to amend is DENIED;
17     2) Petitioner's motion for reconsideration is GRANTED IN PART and DENIED IN PART;
18     3) The Clerk of Court is DIRECTED to re-open the case.

20     IT IS SO ORDERED.
21     Dated:   **April 14, 2011**           /s/ **Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE