UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN TILLMAN, | 1:11-CV-00453 GSA HC |
| Petitioner, | ORDER DENYING IN PART PETITIONER'S MOTION FOR RELIEF FROM COURT ORDER |
| v. | [Doc. #14] |
| H. A. RIOS, JR., | ORDER CONSTRUING MOTION AND GRANTING PETITIONER LEAVE TO AMEND |
| Respondent. | ORDER STAYING ORDER TO RESPOND |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On April 14, 2011, the undersigned issued an order granting Petitioner's motion for reconsideration in part. In light of Petitioner's contention that he suffered a loss of 27 days of good conduct time credits with respect to the second incident report, the Court determined that Petitioner's alleged constitutional violation presented a cognizable claim. Accordingly, the Clerk of Court was directed to reopen the case. As to Petitioner's claims concerning the first incident report and the "binding court order," the motion for reconsideration was denied. By separate order, Respondent was directed to file a response to the remaining claim.

1  On April 26, 2011, Petitioner filed the instant motion for relief from judgment and/or order
2  pursuant to Fed. R. Civ. P. § 60(b)(1). Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Petitioner presents three arguments in his motion; however, they each fail to meet the above standard. First, Petitioner contends the Court erred in denying his motion to amend. As stated by the Court in its previous order, the case was closed on March 28, 2011. Petitioner's motion to amend was filed on March 30, 2011. It is irrelevant when Petitioner received the order. Since the case was closed at the time he filed his motion, it was denied. Since then, the case has been reopened for consideration of his claim concerning the second incident report. Nevertheless, it appears from the instant motion that Petitioner desires to amend his petition notwithstanding the Court's rulings on the petition. Therefore, the Court will construe the instant motion as a motion to amend. Pursuant to Fed. R. Civ. P. § 15(a), Petitioner's motion to amend will be granted and the order directing Respondent to file a responsive pleading will be stayed.

Petitioner next argues he is entitled to consideration of the alleged due process violations concerning the first incident report, despite the Court's previous two orders. Petitioner is incorrect. The Court is without jurisdiction in the instant habeas action to consider any claims concerning the first incident report since Petitioner did not suffer any consequences affecting the length of his sentence. Petitioner's vehicle for relief is instead a civil rights action pursuant to 28 U.S.C. § 1983. See Wilkinson v. Dotson, 544 U.S. 74 (2005); Preiser v. Rodriguez, 411 U.S. 475, 489 (1973).

Likewise, Petitioner's third argument that the Court overlooked and misapplied his claim concerning the "binding court order" is without merit. The Court did not overlook the claim; it was addressed in the previous order. As stated in that order and for the same reasons set forth above,

Petitioner's claim does not sound in habeas since Petitioner's challenge to the restitution order has nothing to do with the length or duration of his confinement.

Accordingly, IT IS HEREBY ORDERED:

1) Petitioner's motion for reconsideration is DENIED IN PART;

2) Petitioner's motion is CONSTRUED IN PART as a motion to amend the petition;

3) Petitioner's motion to amend is GRANTED and Petitioner is GRANTED thirty (30) days to file an amended petition;

4) The Court's Order of April 14, 2011, which had directed Respondent to file a response is STAYED.

IT IS SO ORDERED.

Dated:   **May 2, 2011**                    /s/ **Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE