1

2

3

4

5

6

7

8

9

10

11

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

12  BENJAMIN TILLMAN,                                  1:11-CV-00453 GSA HC

13              Petitioner,                            ORDER DENYING PETITIONER'S
                                                       MOTION FOR CLARIFICATION AND
14                                                     DISPOSITION OF MOTION TO AMEND
        v.                                             [Doc. #18]

15
                                                       ORDER GRANTING EXTENSION OF TIME
16  H. A. RIOS, JR.,                                   TO FILE AMENDED PETITION

17
                Respondent.
18  _____/

19
        Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus
20
    pursuant to 28 U.S.C. § 2241.
21
        On May 3, 2011, the undersigned issued an order that denied Petitioner's motion for
22
    reconsideration in part, but construed Petitioner's motion for relief in part as a motion to amend.
23
    The motion to amend was granted and Petitioner was provided thirty (30) days to file an amended
24
    petition.  Petitioner appealed the Court's ruling on May 16, 2011, and the Ninth Circuit dismissed
25
    the appeal on June 28, 2011. See Tillman v. Rios, Case No. 11-16247 (June 28, 2011, 9th Cir.).  On
26
    May 17, 2011, Petitioner filed the instant motion for clarification and disposition of his motion to
27
    amend.  He contends the Court's order granting him leave to file an amended petition was done in
28

1  bad faith since "clearly [the Court] has everything to be considered for petitioner's claim and is ripe

2  for ruling upon" and "[t]his Court did not have to (stay) Respondent to file a response to Petitioner's

3  amended complaint, because it is already served on Respondent and clearly a part of this Court's

4  Record." See Pet'r's Motion at 2.  Petitioner's allegations are not well-taken.  A habeas proceeding is

5  comprised of three main filings: the Petition, the Answer, and the optional Traverse.  The petition

6  must be complete in and of itself. See Local Rule 220.  If Petitioner wishes to present new claims or

7  submit further argument, he cannot do so in a piecemeal fashion by reference to supplemental briefs

8  and motions.  Id.; Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.1967) (An amended pleading must be

9  complete in itself without reference to any prior pleading).  In this case, Petitioner stated he desired

10 to challenge another incident report and present additional evidence.  Insofar as his motion is in fact

11 a motion and cannot be considered a complete petition, Petitioner was granted the opportunity,

12 consistent with the Local Rules and proper habeas practice and procedure, to file an amended

13 petition to include all of his claims and evidence.

14      Given Petitioner's apparent confusion, the Court will grant an additional extension of time to

15 file an amended petition. He is advised that the amended petition must be complete in itself and may

16 not reference other pleadings; he must reference the instant case number; and he must title the

17 pleading "First Amended Petition."

18      Accordingly, IT IS HEREBY ORDERED:

19      1) Petitioner's motion for clarification and disposition of motion to amend is DENIED; and

20      2) Petitioner is GRANTED thirty (30) days to file an amended petition.

21

22   IT IS SO ORDERED.

23   **Dated:   July 7, 2011**          _____/s/ **Gary S. Austin**_____
                                        UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28