UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN TILLMAN, | 1:11-CV-00453 GSA HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR DISQUALIFICATION AND/OR MOTION TO STRIKE CONSENT |
| v. | [Doc. #21] |
| H. A. RIOS, JR., | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On March 25, 2011, he consented to the exercise of magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

Pending before the Court is Petitioner's motion to disqualify the undersigned and/or motion to strike his consent to jurisdiction under 28 U.S.C. § 636(c). A judge is required to disqualify himself if his impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice against a party, 28 U.S.C. § 455(b)(1). The decision regarding disqualification is made by the judge whose impartiality is at issue. Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir.1994). Opinions formed during the course of judicial proceedings "almost never constitute a valid basis for

a bias or partiality motion" and can only do so "in the rarest circumstances" where the opinions reveal "such a high degree of favoritism or antagonism as to make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555–56 (1994). Where the source of alleged bias or prejudice is a judicial proceeding, plaintiff must show a disposition on the part of the judge that "is so extreme as to display clear inability to render fair judgment." Id. at 551. "The test is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Wilkerson, 208 F.3d 794, 797 (9th Cir.2000), *quoting* United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir.1997). "Frivolous and improperly based suggestions that a judge recuse should be firmly declined." Maier v. Orr, 758 F.2d 1578, 1583 (9th Cir.1985) (citations omitted).

Petitioner states he strongly feels the undersigned has a personal bias or prejudice concerning disputed evidentiary facts in this proceeding. He argues the undersigned has constantly attempted to place unnecessary burdens on him to proceed further, such as requiring him to demonstrate exhaustion. He contends the undersigned has repeatedly issued arbitrary and biased rulings, such as requiring him to present all of his claims in a single petition.

Petitioner's contentions are completely unfounded. The record reflects that the original petition was dismissed for lack of jurisdiction because it did not appear that Petitioner suffered any penalties affecting the length of his sentence. When Petitioner alerted the Court to the fact that he suffered a loss of credits with respect to one of the challenged disciplinary hearings, the case was reopened. Petitioner then stated his desire to challenge additional hearings. Although the Court normally would have required Petitioner to commence a separate case by filing a new petition to challenge any additional hearings, the Court granted his motion to amend. Petitioner was granted an opportunity to file a first amended petition raising the additional claims. He apparently took umbrage at having to file a new petition. Nevertheless, as the undersigned previously advised Petitioner, the petition must be complete in and of itself and must contain all of the claims Petitioner seeks to present. The case cannot proceed in a piecemeal fashion with claims contained in various pleadings and supplements. This requirement was not something devised by the undersigned; it is set forth in the Local Rules and case law. See Local Rule 220; Loux v. Rhay, 375 F.2d 55, 57 (9th

1 Cir.1967) (An amended pleading must be complete in itself without reference to any prior pleading).
2 In sum, there is no evidence of any impartiality, and Petitioner is unable to point to anything in the
3 record even hinting at such a high degree of favoritism or antagonism that might warrant recusal.
4 <u>Liteky</u>, 510 U.S. at 555–56.  Therefore, the undersigned will not recuse.

     Petitioner also states he signed his consent form in error and asks that it be stricken. Obviously, this contention made in the alternative of his motion for recusal is not credible and clearly an attempt at forum shopping.  The request will be denied.

     Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for disqualification and/or motion to strike consent is DENIED.

     IT IS SO ORDERED.

**Dated:**  **August 23, 2011**        **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE