# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN TILLMAN, | 1:11-CV-00453 GSA HC |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| H. A. RIOS, JR., | |
| Respondent. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On March 25, 2011, he consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c) for all purposes, including entry of final judgment.

**PROCEDURAL BACKGROUND**[1]

Petitioner is currently in the custody of the United States Bureau of Prisons at the United States Penitentiary located in Atwater, California. He is serving a sentence of 480 months on his 1997 conviction in the United States District Court for the Northern District of Florida.

Petitioner filed his initial petition on March 17, 2011, challenging two disciplinary incidents which occurred on January 6, 2010, and January 7, 2010. Following a preliminary review, on March 28, 2011, the petition was ordered dismissed for failure to state a cognizable claim for relief,

---

[1] This information is derived from the first amended petition for writ of habeas corpus and attached exhibits.

because none of Petitioner's claims affected the duration of his sentence. Petitioner filed a motion to amend on March 30, 2011, which was subsequently denied by the Court since the case had been terminated. On April 5, 2011, he filed a motion for reconsideration. On April 14, 2011, the Court granted the motion for reconsideration because Petitioner alleged and demonstrated that he had suffered a loss of 27 days of good time credits with respect to the second disciplinary violation. The case was ordered to be reopened and Respondent was instructed to file a response.

On April 26, 2011, Petitioner filed a motion for relief from judgment and/or order. On May 3, 2011, the Court denied his motion for relief in part, but construed his motion as a motion to amend and granted said motion. Petitioner was instructed to file an amended petition within thirty (30) days, and the order directing Respondent to file a response was stayed.

On May 16, 2011, Petitioner filed a notice of appeal to the Ninth Circuit Court of Appeals. The interlocutory appeal was processed to the Ninth Circuit. On August 22, 2011, the Ninth Circuit issued formal mandate dismissing the appeal.

On May 17, 2011, Petitioner filed a motion for clarification of the order granting leave to file an amended petition. On July 7, 2011, the Court addressed Petitioner's motion and granted an extension of time to file a first amended petition. Petitioner filed his first amended petition on July 29, 2011.

In the first amended petition, Petitioner does not challenge his underlying conviction and sentence. Rather, he challenges two prison disciplinary hearings. The first was held on February 23, 2006, for the charge of possession of a weapon. The consequences Petitioner suffered from the guilty finding are not set forth in the first amended petition or attached exhibits. The second disciplinary hearing was held on July 29, 2010, for the charge of fighting with another person. Petitioner admitted guilt and was assessed a loss of 1 day of good conduct time, 30 days of disciplinary segregation, and 180 days of commissary privileges. Petitioner claims numerous due process violations occurred with respect to these two disciplinary proceedings.

**DISCUSSION**

I.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II. Jurisdiction

Relief by way of a petition for writ of habeas corpus under 28 U.S.C. § 2241 extends to a person in federal custody if the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner was in custody at the United States Penitentiary in Atwater, California, which is located within the jurisdiction of this Court, at the time the petition was filed; therefore, this Court is the proper venue. 28 U.S.C. § 2241(d). If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990). In this case, at least with respect to the second challenged disciplinary violation, Petitioner was assessed a loss of good time credits. Therefore, this Court has subject matter jurisdiction to consider Petitioner's challenge to the second hearing.

Petitioner does not claim the loss of any time credits with respect to the first hearing. Therefore, it is unclear whether the Court has subject matter jurisdiction to consider Petitioner's claims challenging that hearing. In any case, the claims are facially without merit.

III.  Standard of Review

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a

E. D. California        cd                                    3

prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)

A.  First Hearing

Petitioner first claims he was denied his procedural due process rights under Wolff when prison authorities failed to abide by their own time deadlines. Petitioner's allegations do not rise to the level of a due process violation, because it is clear that all procedural protections set forth in Wolff were afforded. Petitioner received advance written notice of at least 24 hours of the disciplinary charges before his initial hearing. According to the exhibits and Petitioner's amended petition, prison officials became aware of Petitioner's possession of a weapon on February 2, 2006. He was given a copy of the incident report on February 3, 2006. Four days later on February 7, 2006, the initial hearing took place. Therefore, he had more than 24 hours advanced written notice of the charges.

Petitioner does not allege he was denied the opportunity to present evidence or call witnesses in his defense, nor is there any evidence in the record to support such an allegation. Likewise, it is clear from the record that he was provided a written statement from the factfinder of the result of the hearing. Last, Petitioner does not claim there was not at least "some evidence" to support the finding. In sum, all due process protections were afforded.

Nevertheless, Petitioner claims numerous due process violations occurred because prison

authorities did not abide by their own deadlines.  For instance, he claims he was not given a copy of the incident report within 24 hours.  The record shows it was provided within 28 hours.  He also complains that the initial hearing did not occur within 72 hours or three days per BOP regulations. The record shows the hearing was held on the third business day, 75 hours after Petitioner was given a copy of the report.  Finally, he claims the investigating officer was involved in the reporting of the incident, and this is forbidden per BOP regulations.

None of these claims merit habeas relief.  First, the minor delays Petitioner complains of could not have prejudiced him in any way.  Second, the allegation concerning the investigating officer was cured on administrative appeal insofar as a new hearing was ordered with a reinvestigation based on Petitioner's complaints.  More important, none of these claims rise to the level of a constitutional violation of due process.  As discussed, all of the due process requirements under Wolff were afforded Petitioner. Therefore, Petitioner's claims concerning the first hearing must be rejected.

B.  Second Hearing

Petitioner next complains that his July 29, 2010, disciplinary hearing on charges of fighting with another person also suffered from numerous due process violations.  Petitioner states that he administratively appealed the guilty finding to the Regional Director's level, and that the Regional Director concluded that due process violations had indeed occurred.  As a result, the appeal was granted and the matter was referred back for a new hearing to be conducted in compliance with Petitioner's due process rights.  The new hearing was held and Petitioner was again found guilty of the charges.

Petitioner complains a double jeopardy violation occurred when he was subjected to a second hearing on the disciplinary charges.  Double jeopardy does not apply to prison disciplinary proceedings. It is limited to criminal prosecutions and to some non-criminal procedures where the penalties imposed serve a punitive rather than remedial function. United States v. Halper, 490 U.S. 435, 448-49 (1989). Disciplinary proceedings are not criminal prosecutions. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Therefore, the Double Jeopardy Clause does not apply to repeated disciplinary hearings. See, e.g., Meeks v. McBride, 81 F.3d 717, 722 (7th Cir.1996); Gorman v.

Moody, 710 F.Supp. 1256, 1266 (N.D.Ind.1989). Cf. United States v. Brown, 59 F.3d 102, 104-06 (9th Cir.1995) (prisoners can be tried for a single offense in both disciplinary and criminal settings without offending the Double Jeopardy Clause). Accordingly, Petitioner's claim that the second hearing violated the Double Jeopardy Clause must fail. Petitioner does not allege that any other due process violation occurred with respect to the second hearing.

In sum, all due process requirements were satisfied with regard to the two disciplinary hearings challenged in the amended petition. The petition is without merit and must be denied.

IV.  Certificate of Appealability

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>    (B) the final order in a proceeding under section 2255.
>
>    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the

U.S. District Court
E. D. California          cd                                         6

petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1) The petition for a writ of habeas corpus is DENIED;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **August 23, 2011**                    /s/ Gary S. Austin
                                                UNITED STATES MAGISTRATE JUDGE